# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| EMMANUEL JAMES NESBITT, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:19-CV-67 (MTT) |
| Sheriff GARY LONG, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part Defendants Sheriff Long, Captain Weaver, Lieutenant Lee, Sergeant Hobby, Sergeant Henderson, and Sergeant Bell's motion to dismiss Plaintiff's complaint. Doc. 35. The Defendants have objected. Doc. 58. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the portions of the Recommendation to which the Defendants object. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation, Doc. 55, is **ADOPTED** and made the Order of the Court.

## I.  BACKGROUND

*Pro se* Plaintiff Emmanuel James Nesbitt is a pretrial detainee in the Butts County Detention Center in Jackson, Georgia. Doc. 1. On August 22, 2007, a bullet partially severed Nesbitt's spinal cord between the seventh and eighth thoracic vertebrae and, as a result, he suffers from paraplegia and is confined to a wheelchair. Docs. 1 at 6; 38 at 7. Nesbitt's paralysis causes various medical issues, including a

limited range of motion, limited use of his arms, difficulty breathing, shortness of breath that causes blackouts, no control over his bladder or bowels, muscle spasms in his legs, and an inability to feel any contact, pressure, or injuries that occur below his waist. Doc. 38 at 7. Nesbitt must wear "adult diapers" at all times. *Id.* His inability to feel anything below his waist makes him particularly susceptible to decubitus ulcers or bed sores. *Id.*

In his complaint, Nesbitt raised Fourteenth Amendment conditions of confinement and deliberate indifference to serious medical needs claims under 42 U.S.C. § 1983, as well as claims under Title II of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("RA"). Doc. 1. Specifically, Nesbitt stated that on September 28, 2018, he was transferred to "T Hall," where he was forced to lie in a cot in his own feces and urine for seven days. Doc. 1 at 6. He developed bed sores as a result. *Id.* During this time, he was refused medical treatment and not allowed to use his wheelchair. *Id.* Nesbitt complained that his assigned dorms are not wheelchair accessible, and he is unable to access the shower or toilets. The toilets do not have grab bars and, as a result, he is forced to defecate on himself. *Id.* at 7. Nesbitt stated he has injured his foot and damaged his wheelchair when attempting to access the shower. *Id.* at 7-8. Nesbitt stated that he was confined in a dorm with mold and mildew, which exacerbated his breathing difficulties and necessitated hospitalization for pneumonia. *Id.* at 8. Nesbitt complained that on at least one occasion he was transported from the hospital to the Butts County Detention Center in a "regular patrol car" and his foot repeatedly hit a metal plate in the back seat, which caused a wound to develop on his foot. *Id.* at 7. He also stated that he is denied medical treatment for various conditions; his catheter has not been changed in months;

he is not allowed an adequate supply of adult diapers; and he is often not given the medication necessary to control his muscle spasms. *Id.* at 7-8.

Nesbitt requested medical treatment from specialists, that the Butts County Detention Center be made "handicap accessible," and damages in the amount of $5,000,000. *Id.* at 10.

In his preliminary screening under 28 U.S.C. § 1915A, the Magistrate Judge ordered (1) that Nesbitt could proceed with this Fourteenth Amendment[1] conditions of confinement claim against Defendants Weaver, Lee, Hobby, Henderson, Bell, Wrobel, Nancy, Nurse Melinda,[2] and Nurse Ashlee, Doc. 5. at 8; (2) that Nesbitt could proceed with his Fourteenth Amendment deliberate indifference to serious medical needs claim against Defendants Weaver, Lee, Hobby, Henderson, Bell, Wrobel, Nancy, Nurse Melinda, and Nurse Ashlee, *Id.* at 9; and (3) that Nesbitt could proceed with his ADA and RA claims against Defendants Sheriff Long, Weaver, Lee, Hobby, Henderson, Bell, Wrobel, Nancy, Nurse Melinda, and Nurse Ashlee in their official capacities, *Id.* at 9-10. The Magistrate Judge recommended that Nesbitt's § 1983 claims against Sheriff Long be dismissed without prejudice. *Id.* at 12. Over Nesbitt's objections, the Court adopted the Magistrate Judge's recommendation to dismiss the § 1983 claims against Sheriff Long and made the Recommendation the Order of the Court. Doc. 18.

---

[1] The Order and Recommendation correctly stated that Nesbitt's "allegations implicate Fourteenth Amendment conditions of confinement and deliberate indifference to serious medical needs." Doc. 5 at 6. In it's conclusion, the Order and Recommendation inadvertently stated that Nesbitt could proceed with his "Eighth Amendment conditions of confinement and deliberate indifference to serious medical needs claims . . . ." Id. at 5. The Fourteenth Amendment applies to pretrial detainees but the analysis is the same as that under the Eighth Amendment. *Hamm v. Dekalb Cty*, 774 F.2d 1567, 1574 (1985).

[2] There was confusion regarding whether this Defendant's name is Melissa or Melinda. Docs. 1 at 2 n.2; 18 at 1 n.1. However, it now appears her correct name is Melinda Burdette.

Defendant's Weaver, Lee, Hobby, Henderson, and Bell[3] moved to dismiss Nesbitt's § 1983, ADA, and RA official-capacity claims, based solely on Eleventh Amendment immunity. Doc. 35. Nesbitt responded. Doc. 38. Defendants Long, Weaver, Lee, Hobby, Henderson, and Bell filed a reply.[4] In their reply, Defendants Weaver, Lee, Hobby, Henderson, and Bell argued for the first time that they are "individual jailers" who are not proper parties under the ADA or RA. Doc. 45 at 1-3. Long argued, for the first time, that he too was entitled to Eleventh Amendment immunity from Nesbitt's ADA and RA claims. Doc. 45 at 3-4.

The Magistrate Judge concluded that Defendants Weaver, Lee, Hobby, Henderson, and Bell are entitled to Eleventh Amendment immunity from Plaintiff's § 1983 official-capacity claims for monetary damages. Doc. 55 at 6. But Defendants Sheriff Long, Weaver, Lee, Hobby, Henderson, and Bell are not entitled to Eleventh Amendment immunity from Plaintiff's official-capacity claims under the ADA and RA. Doc. 55 at 6-7. The Magistrate Judge did not address the issue of "individual jailers'" liability under the ADA and RA, the issue first raised in Weaver, Lee, Hobby, Henderson and Bell's reply brief. Defendants Sheriff Long, Weaver, Lee, Hobby, Henderson, and Bell have objected. Doc. 58.

---

[3] Defendants Dr. Wrobel, Nurse Nancy Rowell-Crane, Nurse Melinda Burdette, and Nurse Ashlee O'Quinn are not parties to this motion to dismiss.

[4] Sheriff Long did not join Defendants Weaver, Lee, Hobby, Henderson, and Bell's motion to dismiss. Doc. 35. But he argued in the reply brief that he too should be dismissed based on Eleventh Amendment immunity. Doc. 45.

## II. DEFENDANTS' OBJECTIONS

A. <u>Individual capacity claims</u>

Defendants Weaver, Lee, Hobby, Henderson, and Bell's argue in their objection that "[t]o the extent that the [Magistrate Judge's Recommendation] permitted § 1983 individual capacity claims to advance, [Nesbitt] has failed to assert such claims in any of his pleadings and such claims must be dismissed as a matter of law." Doc. 58 at 3. This is a position different from the one taken by these Defendants in their motion to dismiss. In that motion, they acknowledged Nesbitt's § 1983 individual-capacity claims and acknowledged dismissal of these claims was not appropriate. Specifically, Defendant Weaver, Lee, Hobby, Henderson, and Bell argued that all claims against them "must be dismissed **except Plaintiff's § 1983 claim against them in their individual capacities**." Doc. 35 at 3 (emphasis added).

In his complaint, Nesbitt did not specify if he was bringing his Fourteenth Amendment claims against the named Defendants in their individual or official capacities. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberally construing Nesbitt's complaint, he asserted Fourteenth Amendment claims against the named Defendants in both their individual and official capacities. *See Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (finding that a *Bivens* action may only be brought against federal officials in their individual capacities; plaintiff did not specify in his complaint whether his claims were brought against officials in their individual or official capacities; and the district court erred when it failed to liberally construe the complaint to

find the claims were brought against the officials in their individual capacities). Thus, following the § 1915A frivolity review, Nesbitt's § 1983 conditions of confinement and deliberate indifference to medical needs claims under the Fourteenth Amendment against Weaver, Lee, Hobby, Henderson, and Bell, in both their official and individual capacities, were allowed to proceed for further factual development. Doc. 55 at 3. Defendants knew this. They acknowledged as much in their motion to dismiss. Doc. 35 at 3.

Citing Nesbitt's response to their motion to dismiss, Defendants Weaver, Lee, Hobby, Henderson, and Bell state that Nesbitt "argued that his claims were asserted against the Sheriff's Office Defendants **only** in their official capacities." Doc. 58 at 4 (emphasis added). In his response brief, Nesbitt did state that he brought claims against all named Defendants in their official capacities. Doc. 38 at 1. But he never stated that he "only" raised official-capacity claims. Nesbitt was responding to the Defendants' motion to dismiss his "Fourteenth Amendment official capacity claims." Doc. 35 at 3, 4. The Defendants never moved to dismiss Nesbitt's Fourteenth Amendment individual-capacity claims. In fact, as stated above, the Defendants acknowledged that Nesbitt sued them in their individual capacities and acknowledged that these claims should not be dismissed. Doc. 35 at 3. Thus, there was no reason for Nesbitt to mention or defend his individual-capacity claims when he responded to the motion to dismiss.

In sum, the Court liberally construed Nesbitt's complaint, Doc. 1, as suing Defendants Weaver, Lee, Hobby, Henderson, and Bell in both their official and individual capacities. The Defendants were aware of this. Doc. 35 at 3. The

Defendants moved to dismiss the Fourteenth Amendment official-capacity claims on the basis of Eleventh Amendment immunity. Id. at 1-4. The Magistrate Judge recommended dismissal of "Nesbitt's § 1983 official-capacity claims for monetary damages." Doc. 55 at 5. The Court agrees with the Magistrate Judge. While Nesbitt's § 1983 official-capacity claims for monetary damages against Defendants Weaver, Lee, Hobby, Henderson, and Bell must be dismissed, Doc. 55 at 6, his § 1983 individual-capacity claims for monetary damages against these Defendants as well as his claims for injunctive relief against these Defendants in both their individual and official capacities are still pending. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995) (quotation marks and citation omitted) (finding "Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief").

B. <u>ADA and RA claims</u>

Defendants raise two objections to the Magistrate Judge's recommendation regarding Nesbitt's ADA and RA claims.

1. Whether Defendants Weaver, Lee, Hobby, Henderson and Bell are improper parties under the ADA and RA

In their reply brief, Defendants Weaver, Lee, Hobby, Henderson, and Bell argued for the first time that "individual jailers are not a proper party under the RA or the ADA." Doc. 45 at 3. The Magistrate Judge's Recommendation does not address this issue. The Court is not required to "consider an argument raised for the first time in a reply brief." *U.S. Commodity Futures Trading Comm'n v. Atha*, 402 F. Supp.2d 1373, 1381 (N.D. Ga. 2006) (quoting *United States v. Whitesell*, 314 F.3d 1251, 1255 (11th Cir. 2002)). In their objection, Defendants Weaver, Lee, Hobby, Henderson, and Bell

expand on this argument.  The Court has discretion to decline to consider arguments raised for the first time in an objection.  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  The Court, however, considers Defendants Weaver, Lee, Hobby, Henderson, and Bell's arguments and finds them to be without merit.

The Defendants state that only "public entities" may be held liable under the ADA and RA, and the phrase "public entit[y]" under Title II of the ADA has the same definition as "covered entity" under Title I of the ADA:  "employer[s], employment agenc[ies], labor organization[s], or joint labor-management committee[s]."  Doc. 58 at 5 (internal quotation marks and citation omitted).   They maintain that the RA "is pretty much identical" to the ADA in this respect.  *Id.* (internal quotation marks omitted).   Defendants Weaver, Lee, Hobby, Henderson, and Bell argue that because they are not one of these "public/covered entities," Doc. 58 at 6, they cannot be held liable under the ADA or RA. *Id.* at 5-6.

The Defendants are simply wrong about the definition of "public entity" under Title II of the ADA.  Title I of the ADA prohibits a "covered entity" from discriminating against qualified individuals on the basis of disability in regard to employment.  42 U.S.C. § 12112.  Title I is not relevant to this case at all.  Title II, which is applicable to inmates and pretrial detainees, prohibits a "public entity" from excluding qualified individuals from participation in, or the "benefits of" the services, programs, or activities of the public entity, or subjecting such individuals to discrimination.  42 U.S.C. § 12132. "Public entity" under Title II is defined as "any State or local government; . . . any department, agency, special purpose district, or other instrumentality of the State or States or local government."  42 U.S.C. § 12131; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S.

206, 210 (1998) (citations omitted) ("State prisons fall squarely within the statutory definition of 'public entity.'")

Butts County falls within the definition of "public entity." *See Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) (county is "public entity" under the ADA and RA). Defendants Weaver, Lee, Hobby, Henderson and Bell are sued in their official capacity as representatives of Butts County. While there is no individual liability under the ADA or RA, Doc. 5 at 10, ADA and RA claims may be brought against these Defendants in their official capacities because official capacity suits are treated as suits against the governmental entity. *See Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 478 (11th Cir. 2015) (stating that official capacity suits against individuals are "treated as suits against the State").

The only two cases that Weaver, Lee, Hobby, Henderson, and Bell cite do not support their arguments that jailers, in their official capacities, are improper parties under the ADA or RA. In *Lancaster v. Monroe Cty., Ala*, the Eleventh Circuit held that Alabama jailers, like Alabama deputies, are state actors and, therefore, have Eleventh Amendment immunity from § 1983 official capacity claims for damages. 16 F.3d 1419, 1429-30 (11th Cir. 1997). The Court fails to see how this is relevant to the Defendants' "public entity" argument. The Magistrate Judge concluded, and the Court agrees, that Weaver, Lee, Hobby, Henderson and Bell are entitled to immunity from Nesbitt's § 1983 official-capacity claims for monetary damages. Doc. 55 at 6. In *Miller v. King*, the Eleventh Circuit held that there is no individual liability under the ADA. 384 F.3d 1248, 1276-78 (11th Cir. 2004), *vacated*, 449 F.3d 1149 (11th Cir. 2006) (ADA claims still not allowed to go forward against Defendant Sikes in his individual capacity). Thus, the

Magistrate Judge properly concluded that Nesbitt could only bring his ADA and RA "claims against the Defendants in their official capacities, as there is no individual liability under the ADA or RA." Doc. 5 at 10.

In conclusion, Defendants Weaver, Lee, Hobby, Henderson and Bell are incorrect regarding the definition of "public entity." Doc. 58 at 5-6. They are not liable under the ADA or RA in their individual capacities. They may be sued in their official capacities because official capacity suits are treated as suits against the governmental entity. *See Owens,* 602 F. App'x at 478.

> 2. Whether Nesbitt has failed to state a claim under the ADA against Sheriff Long

Sheriff Long[5] argues that the ADA claims against him should be dismissed because Nesbitt does not "allege that the conditions of his confinement were discriminatory in any way." Doc. 58 at 7. He argues that Nesbitt has not alleged "how his *disability* led the Sheriff's Office Defendants to assign [him] to a specific dorm in the A-block." *Id.* (emphasis in original). According to Sheriff Long, Nesbitt has alleged, at most, that the Defendants were just negligent when they failed to accommodate him. *Id.*

Sheriff Long acknowledges that this is a new argument, which he did not present to the Magistrate Judge. Doc. 58 at 6. "'[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court . . . frustrate[s] the purpose of the Magistrates Act.'" *Williams*, 557 at 1292 (citation omitted). The Court, therefore, does not abuse its

---

[5] Only Sheriff Long argues that Nesbitt "failed to state a claim under the ADA." Doc. 58 at 6-8. Defendants Weaver, Lee, Hobby, Henderson, and Bell do not seek dismissal on this basis. *Id.* at 8. Furthermore, Sheriff Long does not argue that Nesbitt has failed to state a claim under the RA.

discretion by declining to consider an argument raised for the first time in an objection to the Magistrate Judge's recommendation. *Id.*

The Court is hesitant to allow a represented party, such as Sheriff Long, who is defending against a *pro se* party to raise arguments for the first time in an objection. This is especially true here because Sheriff Long did not even join the Defendants' motion to dismiss and thus has no pending motion. Doc. 35. It was not until the Defendants' reply brief that his name even appears, and in that brief he raised only one argument: Eleventh Amendment immunity to Nesbitt's ADA and RA claims. Doc. 45 at 3-4. Sheriff Long's failure to raise his arguments in a timely manner has effectively meant that Nesbitt has not had the opportunity to respond.

Even if the Court considers the argument, however, the ADA claims against Sheriff Long cannot be dismissed. To prevail on his ADA claim, Nesbitt must plead and ultimately establish three elements:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*American Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011). Sheriff Long does not contest that Nesbitt has sufficiently pled the first element. For the second, "it is quite plausible that the alleged deliberate refusal of [jail] officials to accommodate [Nesbitt's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted 'exclu[sion] from participation in or . . . deni[al of] the benefits of' the [jail's] 'services, programs, or activities.'" *United States v. Georgia*, 546 U.S. 151, 157 (2006) (noting paraplegic

inmate's "serious allegations" that he was unable to turn his wheelchair in his cell, he could not access the toilet or shower, he injured himself when he tried to transfer from his wheelchair to the shower and toilet, he was forced on several occasions to sit in his feces and urine, and he was denied medical treatment may state viable ADA claims).

While Nesbitt must show intentional discrimination to recover compensatory damages, he need not make such a showing to recover injunctive relief. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019); *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 786 F.3d 1135, 1147 (11th Cir. 2014). He can show "discriminatory intent by showing that a defendant was deliberately indifferent to his statutory rights." *Id*. (citation omitted). Nesbitt has alleged enough to survive a motion to dismiss on this issue. He alleges the Defendants failed to respond to the same types of "serious allegations" as those shown in *Georgia*, which include, *inter alia*, him lying in urine and feces for days, his lack of access to a toilet or the shower; an inadequate supply of adult diapers, a catheter that is not changed for months, and a lack of medical care. 546 U.S. at 155; Doc. 1 at 6-9. These allegations rise well above the level of mere "negligent or wooden-headed actions" on the part of jail officials. Doc. 58 at 7. Instead, viewed in the light most favorable to Nesbitt, he has alleged facts showing a substantial likelihood of serious injury and the Defendants' deliberate indifference to those injuries. Future discovery may tell a different story, but the ADA claim against Sheriff Long in his official capacity cannot be dismissed for failure to state a claim.

### III.  CONCLUSION

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Doc. 55. The Recommendation, Doc. 55, is

**ADOPTED** and made the Order of the Court. Accordingly, Defendants' motion to dismiss, Doc. 35, is **GRANTED in part and DENIED in part**. Specifically, Nesbitt's § 1983 official-capacity claims for monetary damages against Defendants Weaver, Lee, Hobby, Henderson and Bell are **DISMISSED without prejudice**. Defendants Weaver, Lee, Hobby, Henderson, and Bell's motion to dismiss is **DENIED** in all other respects. Defendant Long's request to be dismissed is **DENIED**. Therefore, the remaining claims in this action—not including the claims against non-movants Defendants Dr. Wrobel, Nurse Nancy Rowell-Crane, Nurse Melinda Burdette, and Nurse Ashlee O'Quinn —are Nesbitt's § 1983 official-capacity claims against Defendants Weaver, Lee, Hobby, Henderson, and Bell for injunctive relief; Nesbitt's individual-capacity claims against Defendants Weaver, Lee, Hobby, Henderson and Bell for damages and injunctive relief; and Nesbitt's ADA and RA official-capacity claims against Defendants Long, Weaver, Lee, Hobby, Henderson, and Bell for damages and injunctive relief.

With the entry of this Order, discovery is no longer stayed in this action. Doc. 58. Discovery shall be completed and dispositive motions filed in accordance with the November 8, 2019 Order. *Id.*

**SO ORDERED,** this 28th day of January 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT